IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAKARIAH LAFRENIERE, | No. C 04-05308 CRB |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION** |
| v. | |
| REGENTS OF THE UNIVERSITY OF CALIFORNIA, | |
| Defendant. | |

   Plaintiff Zakariah LaFreniere ("LaFreniere"), proceeding in pro per, has filed this action pursuant to 42 U.S.C. section 1981 alleging that his expulsion from the University of California at Berkeley ("the University") in 1999 was a result of race discrimination.  Now pending before the Court is plaintiff's Motion for a Preliminary Injunction under Federal Rule of Civil Procedure 65(a) to require defendant Regents of the University of California ("the Regents") to readmit plaintiff to the University in time for registration for the Fall 2006 semester.  LaFreniere, in a Reply filed nearly one week late, has requested that the Court vacate the hearing date of July 7, 2006, and rule on his motion based on the briefs.  After carefully considering the parties' briefs, the Court finds that oral argument is unnecessary pursuant to Local Rule 7-1(b), and plaintiff's motion is hereby DENIED.

**FACTUAL BACKGROUND**

LaFreniere entered the University as a Legal Studies major in the Fall of 1997. Pl.'s Mot. for Prelim. Inj. at 2. He expected to graduate in May 1999. Id. During the Spring 1998 semester, LaFreniere received a grade of C in a Rhetoric class.[1] Compl. at 2-3.

LaFreniere, who is African-American, contends that the low grade resulted from a "flagrant (state-sponsored) conspiracy" to implement a "de facto Jim Crow grading scheme." Id. at 4, 17. LaFreniere also accuses the instructor of the class of using a racial epithet against him during discussion of the narrative of Frederick Douglass. Id. at 2. LaFreniere states that he protested the Rhetoric mark with numerous University officials, but to no avail. Id. at 3-7. LaFreniere alleges that he was later notified that he was being charged with violating the Berkeley Campus Code of Student Conduct ("CSC") as a result of, in his words, his "railing against apathetic administration." Id. at 7. LaFreniere, believing that his alleged "disruptive" activities amounted to speech protected by the First Amendment, did not attend a campus hearing concerning the alleged misconduct. Id. at 6-7. When LaFreniere attempted to register for the Fall 1998 term, he learned that he was subject to a one-year suspension and registration block that prevented him from enrolling in classes. Id. at 7-8. When LaFreniere attempted to attend classes despite not being allowed to register, he was escorted off campus by University police. Id. at 7-10. LaFreniere was formally expelled from the University after a student disciplinary hearing in 1999 for violations of the CSC. Mot., Ex. A.

In December 2003, four years after his dismissal from the University, LaFreniere states that he contacted the University Rhetoric Department to inquire about taking the classes needed to obtain his degree via Internet. This effort was unsuccessful. Compl. at 11. That same month, LaFreniere petitioned then-campus Chancellor Robert Berdahl for readmission. Id.; Compl., Ex. A. In January 2004, Berdahl denied the request, citing LaFreniere's "pattern of aggressive and threatening behavior [toward] and stalking [of] . . . several members of the Berkeley faculty and administration." Compl., Ex. A. The

---

[1] Plaintiff's Reply brief states that the final grade received was a C+. Pl.'s Reply at 4.

2

chancellor wrote that the decision was final. Id. Throughout 2004, LaFreniere alleges that he was repeatedly stymied in his efforts to enroll in University classes or have the registration block lifted. In March 2005, current Chancellor Robert Birgeneau again rejected a readmission request by LaFreniere. Mot., Ex. A.

**PROCEDURAL HISTORY**

Plaintiff has filed multiple lawsuits against the Regents in this district, many of which allege similar claims of discrimination. Most of the cases filed by LaFreniere were dismissed for failure to pay the filing fee, and therefore did not reach the merits.

On October 15, 2004, LaFreniere filed a claim pre-dating the instant action in which he alleged that the Regents had engaged in discriminatory practices. On February 14, 2005, Judge Martin J. Jenkins dismissed that action. See LaFreniere v. Regents of the Univ. of Cal., 2005 U.S. Dist. LEXIS 7302, Case No. C 04-4369 MJJ (N.D. Cal. 2005). In that case, LaFreniere had accused the Regents of carrying out "de jure Jim Crow" in the California higher education system by discarding Affirmative Action.

On December 15, 2004, LaFreniere filed this action in which he alleged that he had suffered racial discrimination in violation of 42 U.S.C. section 1981 when the Regents blocked him from registering for classes at the University beginning in 1998. LaFreniere seeks compensatory and exemplary damages, as well as relief including reinstatement to the University and expungement of allegations concerning his allegedly "stalking and threatening behavior." On February 22, 2005, the Regents moved to dismiss LaFreniere's present action. On April 11, 2005, the Court granted the Regents' motion and dismissed the case with prejudice, concluding that LaFreniere's claims were barred by the doctrine of res judicata and by the applicable statute of limitations. LaFreniere v. Regents of the Univ. of CA, 2005 U.S. Dist. LEXIS 6723, Case No. C 04-5308 CRB (N.D. Cal. 2005). The res judicata finding was based on Judge Jenkins' dismissal on the merits of LaFreniere's earlier claim against the University. The statute of limitations ruling stemmed from the fact that plaintiff alleged that he was blocked from registering for classes in 1998 and that the applicable limitation period was no longer than four years and thus expired in 2002.

3

LaFreniere appealed the Court's decision to the Ninth Circuit. On March 29, 2006, the Court of Appeals reversed and remanded the case. LaFreniere v. Regents of the Univ. of Cal., 2006 U.S. App. LEXIS 7887 (9th Cir. Cal., Mar. 29, 2006). The Ninth Circuit concluded that the Court improperly dismissed on the basis of res judicata because the present action had arisen from a different "transactional nucleus of facts" than the earlier case, and that "the district court's application of the statute of limitations fail[ed] to account for the events LaFreniere alleged occurred in 2004, the same year the instant action was filed." Id. at *1-2.

On June 2, 2006, LaFreniere filed this Motion for Preliminary Injunction. The Regents filed an Opposition on June 7, 2006. In a Reply filed June 29, 2006, nearly a week late, LaFreniere requested that the Court decide the motion without oral argument. On July 3, 2006, the Regents filed a Response to LaFreniere's request that the hearing date be vacated.

## STANDARD OF REVIEW

The principal purpose of a preliminary injunction is to preserve the status quo and prevent irreparable injury pending trial on the merits. Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). Because an injunction is an equitable remedy, a plaintiff must first satisfy general equitable requirements by showing a significant threat of irreparable injury and that legal remedies are inadequate. Stanley v. Univ. of S. Cal., 13 F.3d 1313, 1320 (9th Cir. 1994) (citing Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 506-07 (1959)).

An application for preliminary relief must meet additional criteria. To obtain a preliminary injunction under the traditional four-part test, a plaintiff is required to show: (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to the plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). Johnson v. Cal. State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (citation and internal quotation marks omitted). The Ninth Circuit has adopted an alternative and more modern standard, under

4

which the moving party may meet its burden by demonstrating either: (1) a combination of probable success on the merits and the possibility of irreparable injury if relief is not granted; or (2) the existence of serious questions going to the merits and that the balance of hardships tips sharply in its favor.  Id.  While this modern test is phrased in the disjunctive, many courts view it as a single test, with the two alternatives representing "extremes of a single continuum."  Clear Channel Outdoor Inc. v. City of Los Angeles, 340 F.3d 810, 813 (9th Cir. 2003).

**DISCUSSION**

The Regents advance both substantive and procedural grounds upon which plaintiff's motion should be denied.  Because plaintiff is proceeding in pro per, the Court may employ a less exacting standard in evaluating his compliance with Local Rules.  See Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)) ("Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.").  As a result, the Court first addresses the Regents' substantive arguments. Because LaFreniere's motion fails on those grounds, the Court need not address the Regents' procedural argument.

**I.     Probability of Success on the Merits and Possibility of Irreparable Injury**

   **A.     Probability of Success**

LaFreniere has failed to offer any declarations, affidavits or other evidence demonstrating that his section 1981 suit is likely to succeed on the merits.  LaFreniere's two-and-a-half page motion does not cite a single legal authority in support of his request for injunctive relief.  Furthermore, plaintiff's Reply, filed a week late, also fails to include any evidence supporting his motion.

In fact, the only "supporting" documents filed with his motion consist of two exhibits that do not establish that his suit is likely to succeed but merely show that he was expelled

5

from the University and denied readmission.[2] While LaFreniere need not show that he is certain to prevail on the merits, he must at minimum establish that there is a "fair chance of success on the merits." Johnson, 72 F.3d at 1430 (internal citation omitted). The Ninth Circuit's reversal and remand of the case does not establish that LaFreniere's section 1981 suit is likely to succeed. The Ninth Circuit's action did not address the merits of LaFreniere's present claim, which would require him to prove intentional or purposeful race discrimination. See De Horney v. Bank of America Nat'l Trust & Sav. Ass'n, 879 F.2d 459, 467 (9th Cir. 1989) (citing General Bldg. Contractors Ass'n v. Pennsylvania, 458 U.S. 375 (1982)). Rather, the Court of Appeals decided only that this Court improperly dismissed the case on res judicata and statute of limitations grounds. In sum, LaFreniere's unsupported and conclusory allegations fail to establish even the *possibility* of success on the merits much less a *probability* of success.

### B. Possibility of Irreparable Injury

Even assuming that LaFreniere's papers could be construed as presenting some colorable prospect of success, his motion nevertheless fails because he has made no showing of irreparable harm that would result from a denial of his motion. Plaintiff's assertion, first made in his Reply, that he will suffer "irreparable psychological injury" if the injunction is denied, is unsupported and unpersuasive.

Perhaps most telling in this regard is LaFreniere's lengthy delay in seeking injunctive relief. An unreasonable delay in seeking such relief is relevant in deciding whether such relief is truly necessary. See Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1377 (9th Cir. 1985) ("Plaintiff's long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm."). LaFreniere's Complaint indicates that the registration block giving rise to the instant action first took effect in 1998. The block had

---

[2]Exhibit A appears to be a copy of a letter addressed to LaFreniere from University Chancellor Robert Birgeneau dated March 18, 2005. The letter is a denial of LaFreniere's request for readmission. Exhibit B appears to be a copy of a letter from the University's Office of Undergraduate Admissions and a copy of a check made out to the University by LaFreniere for "Re-admission" and returned, uncashed, to him.

6

apparently been in place for five years when, in December 2003, LaFreniere unsuccessfully petitioned Chancellor Berdahl for readmission.

Thus, because LaFreniere has shown neither a potential for irreparable injury nor a reasonable probability of success on the merits of his claim, his motion fails.

## II.     Serious Questions and Balance of Hardships

Though LaFreniere's inability to show the probability of irreparable injury is fatal to his motion, LaFreniere is also unable to demonstrate that his motion should be granted on the ground that it raises serious questions and that the balance of hardships tips sharply in his favor.  See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839-40 (9th Cir. 2001).

"Serious questions" are questions that involve a fair chance of success on the merits that cannot be resolved one way or the other at the hearing on the injunction, "and as to which the court perceives the need to preserve the status quo lest one side prevent resolution of the questions or execution of any judgment by altering the status quo." Republic of Philippines v. Marcos, 862 F.2d 1355, 1362 (9th Cir. 1988).

Here, for essentially the same reasons that he cannot demonstrate a probability of success or a possibility of irreparable injury, LaFreniere fails to show that serious questions are raised by his motion.  A complete lack of supporting evidence and argument severely undercut plaintiff's contention that his motion for injunctive relief raises serious questions.

LaFreniere also makes no showing that the balance of hardships tips sharply in his favor.  According to University correspondence attached to his filings, LaFreniere was expelled after engaging in an alleged pattern of "aggressive behavior" toward and "stalking" of faculty members.  Here, the Regents' interest in protecting University employees outweighs LaFreniere's request for urgent relief, especially in light of his lengthy delay in filing this action.

//

//

//

**CONCLUSION**

For the reasons set forth above, the Court concludes that plaintiff has failed to meet his burden in support of a preliminary injunction. Therefore, plaintiff's Motion for Preliminary Injunction is DENIED.

The parties are further ordered to appear for a case management conference on Friday, August 4, 2006, at 8:30 a.m.

**IT IS SO ORDERED.**

Dated: July 6, 2006

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE