**United States District Court**

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ZAKARIAH LAFRENIERE,

        Plaintiff,

  v.

THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,

        Defendants.

_____/

No. C 04-05308 CRB

**ORDER RE: DEFENDANT'S MOTION TO DISMISS**

    Plaintiff Zakariah Lafreniere, proceeding in pro per, has filed this action against defendant The Regents of the University California ("The Regents") challenging his expulsion from the University of California at Berkeley pursuant to 42 U.S.C. section 1981. Now pending before the Court is The Regents' second motion to dismiss, in which defendant contends that plaintiff's claim is barred by the Eleventh Amendment. At a Case Management Conference on August 4, 2006, the Court granted plaintiff's request to expedite briefing on this motion. After carefully considering the parties' papers, the Court concludes that oral argument is unnecessary pursuant to Local Rule 7-1(b), and defendant's motion is hereby GRANTED.

    The Eleventh Amendment of the United States Constitution prohibits lawsuits by citizens of a state against the state in federal courts. In particular, "[t]he Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies." Franceschi v. Schwartz, 57 F.3d 828, 831

(9th Cir. 1995).  It is well-settled that The Regents is considered an instrumentality, or arm, of the state for purposes of Eleventh Amendment immunity.  See Jackson v. Hayakawa, 682 F.2d 1344, 1350 (9th Cir. 1982).  Thus, the Court finds that defendant is immune from suit in federal court under the Eleventh Amendment.

Plaintiff further contends that defendant waived its right to invoke Eleventh Amendment immunity by failing to raise the issue in its first motion to dismiss, thereby voluntarily submitting to this Court's jurisdiction.  Under this theory, a state may waive its Eleventh Amendment immunity when its "conduct during the litigation clearly manifests acceptance of the federal court's jurisdiction or is otherwise incompatible with an assertion of Eleventh Amendment immunity."  Hill v. Blind Indus. and Servs. of Maryland, 179 F.3d 754, 759 (9th Cir. 1999). In Hill, the Court reemphasized that a state could "waive [its] Eleventh Amendment protection by voluntarily appearing *and defending on the merits*." Id. (quoting Fordyce v. City of Seattle, 55 F.3d 436, 441 (9th Cir. 1995)).  There, the court found that the state's decision to wait until trial before invoking its Eleventh Amendment immunity constituted a waiver of its protections.   Plaintiff argues that The Regents' original motion to dismiss indicated that it was "adequately notified of the pendency of the suit and of the particular matters at issue," but decided to defend itself in this Court.  Id.  The Court disagrees.

Defendant's original motion to dismiss raised two purported procedural bars to plaintiff's lawsuit.  In particular, defendant argued that plaintiff's lawsuit was barred by the doctrine of res judicata and by the relevant statute of limitations.  Neither of those arguments addressed the merits of plaintiff's allegations.  To the contrary, courts that have found a state to waive its Eleventh Amendment immunity under this theory of consent have only done so when the state has actively defended itself on the merits of a particular claim prior to invoking its constitutional immunity.  See Hill, 179 F.3d at 759 (listing cases).  Here, neither party had addressed the merits of plaintiff's claim before The Regents invoked its Eleventh Amendment immunity.  Moreover, The Regents' decision in moving to dismiss plaintiff's Complaint based on procedural barriers alone did not "clearly manifest acceptance" of this

2

1   Court's jurisdiction, nor was it incompatible with an assertion of Eleventh Amendment

2   protections.  Accordingly, the Court finds that The Regents has not waived its Eleventh

3   Amendment immunity from suit in federal court.

4                                     **CONCLUSION**

5           For the foregoing reasons, the Court concludes that The Regents timely and properly

6   invoked its Eleventh Amendment immunity from this lawsuit in this Court.  Because such

7   protections are jurisdictional in nature, the Court hereby GRANTS defendant's motion to

8   dismiss for lack of subject matter jurisdiction.

9           **IT IS SO ORDERED.**

10

11

12   Dated: August 14, 2006                    _____
                                               CHARLES  R. BREYER
13                                             UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court

For the Northern District of California